ABBEY, WEITZENBERG, WARREN & EMERY
MITCHELL B. GREENBERG, State Bar 114878
STEPHANIE WALKER, State Bar 252464
100 Stony Point Road, Suite 200
Post Office Box 1566
Santa Rosa, CA  95402-1566
Telephone:  707-542-5050
Facsimile:  707-542-2589

Attorneys for Defendant Anatolia Partners LLC, dba Café Salsa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ; DAREN HEATHERLY<br><br>Plaintiffs,<br><br>v.<br><br>CAFE SALSA; ANATOLIA PARTNERS, LLC, dba CAFÉ SALSA<br><br>Defendants. | Case No.  3:14-cv-02952-JSC<br><br><u>Civil Rights</u><br><br>**[PROPOSED] CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF ONLY** |

1.  **Summary of Plaintiffs' Allegations**.  Plaintiffs Irma Ramirez and Daren Heatherly ("Plaintiffs") filed this action against Defendants Café Salsa and Anatolia Partners, LLC, dba Café Salsa ("Anatolia Partners") (hereinafter, at times, "Defendants") to enforce provisions of Title III of the Americans With Disabilities Act of 1990, 42 U.S.C. 12101 et seq., California Government Code Section 4450-4456, California Health and Safety Code Section 19955 et seq., California Civil Code Sections 51, 54 and 54.1 and California Code of Regulations, Title 24.  Plaintiff s allege that they are physically disabled persons within the meaning of both State and Federal civil rights laws and statutes and allege that they are required to use a wheelchair for mobility.  Plaintiffs allege that this case involves the denial of parking, path of travel, entrance facilities, counters, dining tables, access to public restrooms and other facilities to Plaintiff and other disabled persons at the

**[PROPOSED] CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF ONLY**

Café Salsa Subject Property, 8230 Old Redwood Highway, Cotati, California (hereafter the "Subject Property"). Plaintiffs allege that they were denied their rights to full and equal access at the Subject Property and were denied civil rights under both California law and Federal law. Plaintiffs allege that they were denied their rights to full and equal access to the Subject Property because it allegedly was not, and is not now, properly accessible to physically disabled persons, such as Plaintiffs, who use wheelchairs. Plaintiffs seek injunctive relief to require Defendants to make the Subject Property accessible to disabled persons and to ensure that any disabled person who attempts to use the Subject Property will be provided accessible entry and proper accessible facilities. Plaintiffs also seek recovery of damages for their alleged personal/physical injuries and discriminatory experiences as a result of Defendants' failure and refusal to provide accessible facilities, and seek recovery of reasonable attorneys' fees, litigation expenses and costs, according to statute.

2. **Defendants' Denials and No Admission of Liability**. Defendants deny Plaintiffs' allegations and, by entering into this Consent Decree and Order, in no way admit to any liability, whatsoever. In this regard, the parties enter into this Consent Decree and Order to amicably resolve certain aspects of the lawsuit without the need for further protracted litigation and to resolve certain allegations raised in the Complaint on file herein. The parties agree that resolution of these matters without further litigation is in the public interest and that entry of this Order is an appropriate means of resolving these matters. Accordingly, they agree to the entry of this Order with respect to the matters covered herein without trial or further adjudication of any issues of fact or law.

3. **Jurisdiction and Venue**. Plaintiffs alleges that this Court has jurisdiction over the public accommodations named in this action pursuant to 28 USC 1331 for alleged violations of the Americans With Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to pendant jurisdiction, Plaintiffs have also alleged

1  attendant and related causes of action, arising from the same facts, seeking relief
2  under California law, including, but not limited to, violations of California
3  Government Code Section 4450 et seq., Health and Safety Code Sections 19955 et
4  seq., including 19959, California Code of Regulations, Title 24, and California
5  Civil Code Sections 51, 54 and 54.1.

Under the doctrine of supplemental jurisdiction, Plaintiffs allege that this Court has jurisdiction over Plaintiffs' claims arising under California state law. Assuming this Court has jurisdiction over the instant matter, venue is proper in the Northern District of California, the judicial district in which the claims have arisen, pursuant to 28 U.S.C. section 1391(b).

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Consent Order which provides as follows:

4. **Settlement of Injunctive Relief Aspects of Ongoing Litigation**. This Consent Decree and Order shall be a full, complete and final disposition and settlement of all of Plaintiffs' claims with respect to injunctive relief that have arisen out of the Complaint.

5. **Injunctive Relief**. Defendants agree and stipulate to perform the tasks and injunctive relief work set forth in Exhibit A hereto, which exhibit is incorporated by reference herein as if set forth in full, in accord with the standards and specifications of The Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24-2 of the California Code of Regulations, by no later than August 31, 2016.

6. **Notice, Reporting and Monitoring Requirements**. Within five (5) days of the completion of the tasks and work set forth in this Consent Decree and Order, including its exhibits, Defendants shall provide Plaintiffs' attorney with written notice that Defendants have fully completed such task and work.

7. **Mutual Release and Waiver of Civil Code Section 1542**. Except for all obligations required in this Consent Decree and Order and its exhibits, Plaintiffs

on the one hand, on behalf of their respective agents, representatives, predecessors, successors, heirs, partners and assigns, and Defendants, on the other hand, on behalf of their respective agents, representatives, predecessors, successors, heirs, partners and assigns, release and forever discharge each other and each party's officers, directors, shareholders, managing members, members, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other party, from all claims, demands, damages, actions and causes of action of whatever kind or nature, presently known or unknown, with respect to the injunctive relief aspects of the lawsuit.

Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer or experience some further loss or damage with respect to the injunctive relief aspects of the lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the injunctive relief aspects of the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the injunctive relief aspects of the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

8. **Entire Consent Decree and Order**.  This Consent Decree and Order and its exhibits constitute the entire agreement on the matters raised herein, and no other statement, promise or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order and exhibits, shall be enforceable regarding the matters raised herein.

9. **Public Document**.  This Consent Decree and Order is a public document.  A copy of this document, and any information contained herein, may be made available to any person.

10. **Consent Decree and Order Binding On Parties**.  This Consent Decree and Order shall be binding on Plaintiffs and Defendants in this action and any successor in interest to Plaintiffs and Defendants.  Each party shall notify each such successor in interest of the existence and terms of this Consent Decree and Order.

11. **Court Retention of Jurisdiction and Term of the Consent Decree and Order**.  This Consent Decree and Order shall be in full force and effect, and this Court shall retain jurisdiction of this action to enforce the provisions thereof until July 15, 2017, or until the parties agree in writing that Defendants have fulfilled all of their obligations under the Consent Decree and Order, or until such time as the property ceases to be used as a public accommodation, whichever period is shorter.

12. **Severability**.  If any term of this Consent Decree and Order is determined by any Court to be unenforceable, the remaining terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

13. **Damages and Attorney's Fees, Litigation Expenses, and Costs Not a Part of This Consent Decree and Order**.  The damages and attorney's fees, litigation expenses and cost aspects of this lawsuit are not a part of the Consent Decree and Order and are the subject of a separate agreement between the parties

to this Consent Decree.

14. **Reservation of Rights**.  Notwithstanding anything to the contrary in the foregoing, each of the parties hereto reserves any and all of the rights which such party otherwise has, and which has not been specifically released or waived.

15. **Counterparts and Facsimile Signatures**.  This Consent Decree and Order may be signed in counterparts by the parties and shall be valid and binding on each party as if fully executed all on one copy, and facsimile transmitted signatures shall be as valid and binding as originals.

16. **Signatories Bind Parties**.  Each signatory on behalf of each party represents that he, she or it is authorized to bind each such party to this Consent Decree and Order.

Date: March 31, 2015					ANATOLIA PARTNERS, LLC, dba CAFÉ SALSA


						By:  /s/ Mustapha Jamal
						         Mustapha Jamal

APPROVED AS TO FORM BY COUNSEL:

Date: March 31, 2015					THOMAS E. FRANKOVICH, A PROFESSIONAL CORPORATION

						By: /s/ Thomas E. Frankovich
						         Thomas E. Frankovich, Esq.
						         Attorneys for Plaintiffs
						         IRMA RAMIREZ; DAREN HEATHERLY

Date:  March 31, 2015					ABBEY, WEITZENBERG, WARREN & EMERY, P.C.


						By:  /s/ Mitchell B. Greenberg
						         Mitchell B. Greenberg, Esq.
						         Attorneys for Defendants,
						         ANATOLIA PARTNERS, LLC, DBA CAFÉ SALSA

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589

## ATTESTATION

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: March 31, 2015     ABBEY, WEITZENBERG, WARREN & EMERY

By:    /s/ Mitchell B. Greenberg
Mitchell B. Greenberg,
Attorneys for Defendants
ANATOLIA PARTNERS, LLC, DBA
CAFÉ SALSA

[PROPOSED] CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF ONLY

1 | Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

3 | Date: April 2, 2015

_____
The Honorable Magistrate Judge Jacqueline Scott Corley

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050  Facsimile (707) 542-2589